Dawn M. Coulson, Esq. (SBN 154085)
dcoulson@eyclaw.com
Casandra P. Secord, Esq. (SBN 237395)
csecord@eyclaw.com
**EPPS YONG & COULSON LLP**
333 S. Hope Street. 35th Floor
Los Angeles, California 90071
Telephone: (213) 613-2340
Facsimile: (213) 613-2344

NOTE CHANGES MADE BY THE COURT

Attorneys for OTX ACQUISITION CORPORATION, a Delaware Corporation, OTX ACQUISITION LLC, a Delaware Limited Liability Company, OTX Corporation, a Delaware Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KRISTIN LUCK, an individual,

Plaintiff,

vs.

OTX ACQUISITION CORPORATION, a Delaware Corporation, OTX ACQUISITION LLC, a Delaware Limited Liability Company, OTX CORPORATION, a Delaware Corporation, AND DOES 1 to 10, inclusive,

Defendants.

Case No.:CV-10-01671-SVW(PJWx)

**ENTRY OF PROTECTIVE ORDER**

Upon consideration of the attached Stipulation for Entry of Protective Order submitted by the parties, and good cause appearing therefore,

IT IS HEREBY ORDERED, that the Stipulation is approved, and the Protective Order entered as an Order of the Court.

DATED: 4/28/2010

Patrick J. Walsh

Patrick J. Walsh, U.S. Magistrate Judge

EPPS YONG & COULSON, LLP
333 S. Hope Street, 35th Floor, Los Angeles, California 90071
Tel (213) 613-2340 • Fax (213) 613-2344

Dawn M. Coulson, Esq. (SBN 154085)
dcoulson@eyclaw.com
Casandra P. Secord, Esq. (SBN 237395)
csecord@eyclaw.com
**EPPS YONG & COULSON LLP**
333 S. Hope Street, 35th Floor
Los Angeles, California 90071
Telephone: (213) 613-2340
Facsimile: (213) 613-2344

NOTE CHANGES MADE BY THE COURT

Attorneys for OTX ACQUISITION CORPORATION, a Delaware Corporation, OTX ACQUISITION LLC, a Delaware Limited Liability Company, OTX Corporation, a Delaware Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KRISTIN LUCK, an individual,

Plaintiff,

vs.

OTX ACQUISITION CORPORATION, a Delaware Corporation, OTX ACQUISITION LLC, a Delaware Limited Liability Company, OTX CORPORATION, a Delaware Corporation, AND DOES 1 to 10, inclusive,

Defendants.

Case No.:CV-10-01671-SVW(PJWx)

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

Note Court's changes to ¶ 15e.

NOTE CHANGES MADE BY THE COURT

**IT IS HEREBY STIPULATED** by and between Plaintiff KRISTIN LUCK ("LUCK") and defendants OTX ACQUISITION CORPORATION, OTX ACQUISITION LLC and OTX CORPORATION (defendants are collectively referred to hereinafter as "OTX"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to limitations on disclosure due to federal laws, state laws, and privacy rights, which may be protected from disclosures by privileges such as trade secret

EPPS YONG & COULSON, LLP
333 S. Hope Street, 35th Floor, Los Angeles, California 90071
Tel (213) 613-2340 • Fax (213) 613-2344

protections, and/or which may be protected from disclosure on the grounds that the documents or information constitute confidential, financial or other proprietary information, the parties stipulate as follows:

**DEFINITIONS**

1. Party: "Party" means any plaintiff, defendant, counter-claimant or counter-defendant in this action, including their parent, subsidiary, or affiliated entities, and their respective agents, officers, directors and employees. LUCK and defendants are collectively referred to as the "Parties."

2. Counsel: "Counsel" means:

a. Joseph M. Kar, PC, including attorney Joseph M. Kar, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

b. Epps Yong & Coulson, LLP, including attorneys Dawn M. Coulson, Casandra P. Secord, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action; and

3. Material: "Material" means all documents, information, items, pleadings, correspondence, discovery responses, writings, and testimony regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things).

4. Discovery Material: "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in response to discovery directed towards a Party or non-party in this matter.

5. Designating Party: "Designating Party" means a Party or non-party that designates Materials or disclosures produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise) as Confidential

EPPS YONG & COULSON, LLP

Material.

6. Receiving Party: "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party, who receives Confidential Material.

7. Producing Party: "Producing Party" means a Party or non-party that produces or discloses Confidential Material in this action.

8. Confidential Material: "Confidential Material" means the following: (1) Material which has not been made public and which contains confidential and proprietary information or trade secrets of the parties, the release of which the designating party reasonably believes in good faith would harm its business; and (2) Material which has not been made public and which is protected from disclosure by federal or state constitutional, statutory and common law, including, but not limited to, rights of privacy of the parties to this stipulation and of third parties.

9. Protected Material: "Protected Material" means any Material that is designated as "Confidential" in accordance with the terms of this Protective Order.

**DESIGNATION OF CONFIDENTIAL MATERIAL**

10. Criteria for Classification

Any Party or non-party in this action may designate any Material as "Confidential" in accordance with the provisions of this Protective Order so long as they believe in good faith that the information so designated meets the definition of "Confidential Material" set forth in this Protective Order.

11. Time of Designation

Unless otherwise agreed between counsel for the parties, or as otherwise specified herein, the designation of Confidential Material shall be made at the following times:

a. Producing Party shall designate Discovery Materials consisting of production of documents or things as "Confidential" at the time of production. Receiving Party shall designate Discovery Materials consisting of production of

EPPS YONG & COULSON, LLP

documents or things as "Confidential" within thirty days (30) days of the date of service of the documents or things;

b. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first;

c. For testimony, at the time such testimony is given by a statement designating the testimony as "Confidential" made on the record or within ten (10) days after receipt of the transcript of the deposition as set forth herein.

12. Manner of Designation

The designation of Confidential Materials shall be made in the following manner:

a. For documents, Producing Party shall place the notation "Confidential" or similar legend on each page of such document. Receiving Party shall designate documents as "Confidential" by sending correspondence to all other counsel that identifies the Bates numbers of the document(s) designated "Confidential." In the absence of Bates numbers, the Receiving Party shall describe the document(s) in sufficient detail to accurately identify the document(s) designated confidential;

b. For tangible things, by placing the notation "Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

c. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Confidential Material, by placing the notation "Confidential" both on the face of such document and on any particular designated pages of such document; and

d. For testimony, by orally designating such testimony as being "Confidential" at the time the testimony is given. Alternatively, if a question asked at a pretrial deposition calls for an answer containing "Confidential Material", or if the question contains "Confidential Material," counsel for the Party seeking

EPPS YONG & COULSON, LLP

confidential treatment of that information shall within ten (10) days after receipt of the transcript of the deposition notify all other counsel on the record or in writing that the information provided in such answer or question is considered Confidential Material and designate the specific portions or the entirety of the transcript of such deposition, which shall thereafter be subject to the provisions of this Order. Prior to the expiration of this ten (10) day period deposition transcripts will be considered conditionally confidential and will be treated as Confidential Material. Thereafter, the original and all copies of the "Confidential" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order.

13. Resolution Of Disputes Regarding Designation

The acceptance by a Party of Material marked as "Confidential" shall not constitute an admission or concession or permit an inference that such designation is appropriate. Any dispute that arises concerning the designation of Material as "Confidential" shall be resolved by the court pursuant to applicable law. Any Material marked as Confidential shall be treated as designated unless otherwise ordered by the court or agreed to by the parties.

14. Inadvertent Disclosure

a. Confidential Material not designated as "Confidential" and produced or filed through mistake or inadvertence shall nevertheless be deemed "Confidential" upon notice of such mistake or inadvertent production or filing.

b. Where a Producing Party has inadvertently produced a document that the Producing Party later claims should not have been produced because of privilege, the Producing Party may request the return of any such document by making a written request within fifteen (15) days of discovering that it was inadvertently produced. A request for the return of any document shall identify the document by Bates number (or described in sufficient detail in the absence of Bates

EPPS YONG & COULSON, LLP

numbers) and the basis for asserting the document (or portions thereof) is privileged and the date of discovery of the inadvertent production. If a Producing Party requests the return of any such document from another Party, the Party to whom the request is made shall within ten (10) days return to the Producing Party all copies of the document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants) or shall contest the claim of privilege or inadvertent production. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Producing Party may file and serve a motion or other application acceptable by the Court within ten (10) days of receipt of any contest of the Producing Party's designation of Confidential or assertion of Privilege, to obtain a judicial determination that the document is privileged and shall set the hearing date within no more than sixty (60) days hence. Until such a judicial determination is made, the alleged privileged document shall be afforded privileged status. However, if the time has expired for the Receiving Party to obtain judicial determination hereunder, the Producing Party's designation of confidentiality or assertion of Privileged is deemed waived.

EPPS YONG & COULSON, LLP

**DISCLOSURE OF PROTECTED MATERIAL**

15. Disclosure to Qualified Persons

Protected Material may be disclosed and copies may be provided by the Receiving Party only to the following "qualified persons" and only if the following "qualified persons" have signed the last page of this stipulation acknowledging their understanding and agreement thereto:

a. Party's counsel, both in-house and outside counsel (including the paralegal, clerical, and secretarial staff employed by such counsel) in this matter;

b. Party representatives or employees whose assistance is required by counsel for the purposes of this litigation, including but not limited to, an officer,

director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

c. Any non-party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design services, jury and trial consulting services (including mock jurors), court reporters and any other non-expert related support personnel whose services are reasonably necessary to assist outside counsel of record in connection with this action;

d. Expert witnesses or consultants retained by a Party or its respective attorneys in connection with this action (together with their clerical staff);

e. The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court; ~~in which event such information shall be filed under seal; and~~ (These individuals will not be asked and are not required to sign anything in order to receive documents) PJW

f. Any other person as to whom the parties agree in writing.

It shall be the responsibility of Counsel to provide copies of this Protective Order to qualified persons receiving Protected Material, and to maintain compliance with this Protective Order.

16. Use of Protected Material During Deposition

Notwithstanding any other provision of this Protective Order, Protected Material may be disclosed and used as follows:

a. A Party or present employee of a Party may be examined and may testify concerning all Protected Material produced by that Party;

b. A former employee of a Party may be examined and may testify concerning all Protected Material produced by that Party to which that former employee has knowledge or which pertains to the period or periods of his or her employment;

c. Non-parties may be examined and may testify concerning any document containing Protected Material which appears on its face or from other

EPPS YONG & COULSON, LLP

documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure).

**USE OF PROTECTED MATERIAL**

Protected Material may be used as follows:

17. Protected Material, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, and descriptions of such Material, shall be held in confidence by the parties, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by any Party unless allowed under the terms of this Protective Order, and shall not be used for any purpose other than in connection with this action, including, but not limited to, personal, business, or competitive purposes, or for other lawsuits, claims or actions of any kind.

18. Where any Confidential Material, or information derived from Confidential Material is included in any papers filed with the Court, including, but not limited to discovery motions, the parties will comply with all applicable federal rules and procedures for filing records under seal, including, but not limited to, Central District, Rule 79-5 unless such derivative material is publicly available or unless counsel for parties otherwise agree in a prior writing.

19. Protected Material may be used in testimony at trial, offered into evidence at trial and/or at hearings on motions, used to support or oppose any motion in this action and used to prepare for and conduct discovery in this action subject to the restrictions in this Protective Order.

20. The parties shall provide each other with a list of the other Party's Protected Material that the Party intends to use at trial, or in connection with any appeal of this action, at such time as the list of exhibits is ordered by the Court to be exchanged among the parties, except those documents to be used for impeachment purposes. Nothing in this paragraph prevents the use of any documents for impeachment or rebuttal subject to the terms and conditions of this Protective Order. The parties shall then meet and confer regarding the procedures for use of such

EPPS YONG & COULSON, LLP

EPPS YONG & COULSON, LLP

identified Protected Material at trial and shall move the Court for entry of an appropriate order if required.

21. Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material. This Protective Order is without prejudice to any Party seeking an Order from this Court imposing further restrictions on the dissemination of Protective Material, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information. Nothing in this Protective Order shall prevent any designating party from using or disclosing its own Protected Material as it deems appropriate.

22. The designation of Material as "Confidential" by a Party or the failure by a Party to object to the designation of Material as "Confidential" shall be not deemed a conclusive determination or admission that such Material constitutes a trade secret of the Producing Party.

23. Nothing herein shall be construed to prevent disclosure of Confidential Material if such disclosure is required by law or by order of the Court. However, if another court or administrative agency subpoenas or orders production of Confidential Material that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party or another person designating the document as Confidential or of the pendency of the subpoena or order and shall not produce the Confidential Material or until the designating Party or person has had a reasonable time to object or otherwise to take appropriate steps to protect the Confidential Material.

**RETURN OF DOCUMENTS OR INFORMATION**

24. No later than one hundred twenty (120) days after conclusion of this litigation,[1] each Party or other individuals subject to this Protective Order shall be

[1] As used herein, "conclusion of this litigation" is defined as the date on which this matter is settled by way of

under an obligation to destroy or return to the designating party any Protected Material subject to this Protective Order that is in his or her possession, custody or control, including all copies thereof. Notice of the destruction or return of any such Protected Material shall be made by counsel in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, counsel shall be entitled to retain all litigation documents containing Protected Material which become part of the record of this action, including pleadings, briefs, and exhibits.

**RIGHT TO FURTHER RELIEF**

25. Nothing in this Protective Order shall abridge the right of any person to seek modification or amendment of this Order from the Court.

**RIGHT TO ASSERT OTHER OBJECTIONS**

26. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

**SURVIVAL**

27. All obligations and duties arising under this Protective Order shall cease upon any termination of the trial court action.

**VIOLATION OF PROTECTIVE ORDER**

28. Any intentional violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending Party or non-party to such additional and further remedies as may be available to the aggrieved Party or non-party.

**AMENDMENT OF PROTECTIVE ORDER**

29. This Protective Order may be amended by the written stipulation of the parties or by the Court upon a showing of good cause.

---

enforceable agreement or on which all appeals and rights to appeal have been exhausted, whichever is earlier.

EPPS YONG & COULSON, LLP

**EXECUTION AND COUNTERPARTS**

30. This Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

Dated: April 23, 2010

**JOSEPH M. KAR, PC**

By: ______________________
Joseph M. Kar
Attorneys for Plaintiff KRISTIN LUCK

Dated: April 26, 2010

**EPPS YONG & COULSON, LLP**

By ______________________
Dawn M. Coulson
Casandra P. Secord
Attorneys for OTX ACQUISITION CORPORATION, a Delaware Corporation, OTX ACQUISITION LLC, a Delaware Limited Liability Company, OTX CORPORATION, a Delaware Corporation

EPPS YONG & COULSON, LLP